UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NO. 23-CR-0114 (ACR) |
| v. : | |
| : | |
| RONALD BALHORN, : | |
| : | |
| Defendant. : | |

GOVERNMENT'S RESPONSE IN
OPPOSITION TO DEFENDANT RONALD
BALHORN'S MOTION TO MODIFY CONDITIONS OF RELEASE

I.     **Introduction**

On February 9, 2023, United States Magistrate Judge Robin M. Meriweather imposed conditions of pre-trial release on the defendant that included, among other things, that he "not possess a firearm, destructive device, or other weapon." ECF No. 13, p. 2. That condition of release has remained unchanged throughout the pendency of this case. On October 18, 2023, after the conclusion of a bench trial, this Court convicted the defendant of (1) entering and remaining in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(1); (2) disorderly and disruptive conduct in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(2); and (3) parading, demonstrating, or picketing in a capitol building, in violation 40 U.S.C. § 5104(e)(2)(G). Having now been convicted of those crimes, the defendant moves this Court to modify his conditions of release to allow for the possession of firearms. ECF 52. The Government objects.

As the Court is undoubtedly aware, prohibiting the possession of firearms is a standard condition or release sought by the government in all criminal cases, including those relating to the January 6, 2021, attack on the United States Capitol. Not only that, a prohibition on the possession

of firearms is a condition rooted in statute and the U.S. Sentencing Guidelines and one that is uniformly imposed as both a condition of release and a statutory standard condition of supervision for the safety of the supervising officers.  *See* Admin. Office of the U.S. Courts Prob. & Pretrial Servs. Office, Overview of Probation and Supervised Release Conditions 34–35 (2016), http://www.uscourts.gov/sites/default/files/overview-of-probation-and-supervised-release-conditions-0.pdf [https://perma.cc/K2LB-9Y99]. The manual sets forth the three common-sense reasons that support the imposition of this condition:

- This condition serves the statutory sentencing purpose of public protection. 18 U.S.C. § 3553(a)(2)(C)

- By allowing the probation officer to supervise the defendant without risk to safety caused by the possession of weapons, this condition enables the probation officer to satisfy the statutory requirements to keep informed as to the conduct and condition of the defendant, report the defendant's conduct and condition to the sentencing court, and aid the defendant and bring about improvements in his or her conduct and condition. 18 U.S.C. § 3603(2)-(3)

- This condition promotes the public safety and reduces safety risks posed by the defendant to the community and the probation officer, and it assists in ensuring that the defendant is complying with other conditions such as the prohibition on committing new crimes, including the prohibition on possession of certain weapons for defendants convicted of certain crimes.
*Id*.

The Government has identified just two cases in the District, *United States v. Hand*, 22-CR-111 (JEB), MINUTE ENTRY (May 18, 2022) and *United States v. Cudd*, 21-cr-0068 (TNM), ECF 75, in which such restriction has not been imposed.  For his part, the defendant has not provided the Court with any reason why he or his circumstances are outside the heartland of similarly-situated defendants.  Instead, he posits that he should be permitted to possess firearms to engage in the purely recreational activity of hunting.  ECF 52.  Taking this assertion at face value, the prohibition against firearm possession as a standard condition of release should nevertheless

remain, and, at sentencing, the prohibition against firearm possession should be imposed as a standard condition of supervision.

## II.     Applicable Authority

The Court may impose standard conditions of release if such conditions are reasonably related to the relevant sentencing factors listed at 18 U.S.C. § 3553(a)(1) and (2) and involve only such deprivations of liberty or property as are reasonably necessary for the relevant sentencing purposes listed at 18 U.S.C. § 3553(a)(2). 18 U.S.C. § 3563(b).

In the similar context of post-conviction probation conditions, courts have held that restrictions on firearm possession during probation, including for defendants convicted of nonviolent misdemeanors, are reasonable. See, e.g., *United States v. Lester*, No. 94-6597, 66 F.3d 326, at *2 (6th Cir. Sept. 11, 1995) (upholding prohibition on firearm possession during probation for misdemeanor of failing to maintain proper records as required of a federal firearms dealer, a nonviolent misdemeanor); see also *Benzing v. North Carolina*, No. 17- 619-KDB-DCK, 2020 WL 3439558, at *6 (W.D. N.C. June 23, 2020) (holding firearm restriction during probation was reasonable after the defendant was convicted of criminal contempt); *cf. United States v. Snead*, No. 12-cr-132M, 2014 WL 4473773 (D.R.I. Feb. 4, 2014) (United States Postal Service employee was charged with unlawfully opening mail matter and removing gift cards and cash, a non-violent felony offense, and was restricted from possessing a firearm while on pretrial release).

Indeed, the U.S. Sentencing Guidelines' guidance with respect to probation conditions sets forth standard conditions that "are recommended for probation." U.S.S.G § 5B1.3(c). Standard condition 10 provides, "[t]he defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person, such as nunchakus or taser). U.S.S.G. § 5B1.3(c)(10). This condition was amended and reclassified from

a special condition to a standard condition in 2018 to "promote public safety and reduce safety risks to probation officers." FCL Federal Sentencing Guidelines Manual Amendment 803, Nov. 1, 2018.

### III. District of Columbia Courts Routinely Prohibit the Possession of Firearms in January 6 Cases as a Condition of Pre-Trial Release and Supervised Release

Almost without fail, District of Columbia courts prohibit defendants from possessing firearms as part of their pre-trial conditions of release and standard conditions of supervised release. *See*, *ex.*, *United States v. Santos-Smith*, 21-CR-271 (EGS), ECF No. 64, p. 5; *United States v. Wickersham*, 21-CR-606 (RCL), ECF No. 28, p. 3; *United States v. Jackson*, 21-CR-484 (RDM), ECF No. 36, p. 3; *United States v. McNicoll*, 21-CR-468 (PLF), ECF No. 34, p. 3; *United States v. Rebegila*, 21-CR-283 (APM), ECF No. 44, p. 3; *United States v. Bensch*, 23-CR-180 (TNM), ECF No. 91, p. 3; *United States v. Entrekin*, 21-CR-686 (FYP), ECF No. 34, p. 4; *United States v. Finley*, 21-CR-526 (TSC), ECF No. 51, p. 4; and *United States v. O'Malley*, 21-CR-704 (CRC), ECF No. 36, p. 3.

In *United States v. Shaw*, No. 22-CR-1 (JEB), 2023 U.S. Dist. LEXIS 91065 (D.D.C. May 24, 2023), Chief Judge Boasberg memorialized the sound reasons supporting this condition, even for misdemeanants    In an Order granting the Government's request to include the standard condition of supervision prohibiting the possession of firearms and ammunition, Judge Boasberg reasoned that condition was justified for Shaw because his conviction

> derives from his participation in the January 6th insurrection at the United States Capitol.  He was part of a violent mob that sought to stop the peaceful transfer of power by force.  The nature of that event puts [the misdemeanant's] offense very far from the types of negligent infractions that some circuits have held do not warrant a firearms restriction. [ . . . ] The Court accordingly concludes that, while [the misdemeanant's] role in the mob was minor, the fact of his participation in an insurrection whose aim was to impair the peaceful transfer of power suggests that a firearms restriction during his probationary period is appropriate.
> *Id*., ECF 40 at *5-*6

Following up on that, Judge Boasberg found that firearms restrictions "serve as an important aid to the Probation Office's oversight" in these cases and "thereby promote public safety per § 3553(a)(2)(C)." *Id*.

Not only is this condition routinely imposed, it is rarely ever modified. For example, on April 27, 2023, Judge Moss denied a January 6 misdemeanant's request to remove the prohibition against firearms as a standard condition of supervision. The defendant in that case had pleaded guilty to parading, demonstrating, or picketing in a Capitol building, and was sentenced to a term of probation of two years with the standard firearm prohibition as a condition of supervision. *United States v. Mileur*, 21-CR-248 (RDM), ECF No. 102. That defendant subsequently sought the removal of this condition on the grounds that he needed to protect himself from violent moose attacks. *Id*., ECF No. 101. On April 27, 2023, Judge Moss entered a Minute Order denying the motion. The court reasoned that a restriction of firearm possession "allows the probation office to supervise the probationer without risk to safety caused by the possession of weapons." *Id*. This Court should similarly deny Mr. Balhorn's motion for a modification of the conditions of his release.

*Shaw* and *Mileur* are by no means outliers. Since January 6, 2021, over 1,000 individuals from nearly all fifty states have been charged with offenses relating to the violent attack on the U.S. Capitol. Except in the two cases noted below, in all cases of which the undersigned is aware no post-conviction misdemeanant convicted in relation to January 6 has been allowed to possess a firearm during any period of incarceration, probation, or supervised release.[1]

---

[1] In *United States v. Chwiesiuk*, 21-cr-0536 (ACR), a defendant before this Court filed a similar motion seeking a modification of his conditions of release to permit the possession of firearms. *Id*., ECF 112. In an August 28, 2023, Minute Order, the Court denied the motion as moot, though it authorized the defendant to file an amended motion at his discretion. To date, Chwiesiuk has not done so.

The first exception involved Charles Hand, who was charged with four misdemeanors in connection with his participation in the January 6 riot.[2] Prior to his conviction, Hand successfully petitioned the Court for a modification of his conditions of release to permit the possession of a single firearm for a narrow purpose. Specifically, Hand wanted to be able to use a .410 shotgun to defend his property against wildlife. *United States v. Hand*, 22-CR-111 (JEB), MINUTE ENTRY (May 18, 2022) (".410 Shotgun Only To Be Used In Defense Of Animals"). That notwithstanding, the condition prohibiting possession of firearms was re-imposed after Hand was convicted. *Id.*, ECF No. 45, p. 5.

The second exception involved Jenny Cudd, who pleaded guilty to one count of entering and remaining in a restricted building or ground, in violation of 18 U.S.C. § 1752(a)(1). *United States v. Cudd*, 21-cr-0068 (TNM), ECF 75. After her sentencing – she received two-months probation – Cudd successfully moved the Court to remove the standard condition of supervised release prohibiting the possession of firearms. *Id.*, ECF Nos. 96, 99-101. In the two-page Order granting that request, the court appeared to have based its modification on a specific finding that Cudd was someone who "credibly fears for her safety" and that "the inherent right to self-defense has been central to the Second Amendment." *Id*., ECF 101, p. 2 (citing *Dist. Of Colum. v. Heller*, 554 U.S. 570, 628 (2008).

In both *Hand* and *Cudd*, the court grounded its holding on credible claims of personal protection or self-defense. No such claim is being made here. The defendant is simply asserting

---

[2] Hand was charged on March 31, 2022, via Information with 18 U.S.C. § 1752(a)(1) (Entering and Remaining in a Restricted Building or Grounds); 18 U.S.C. § 1752(a)(2)(Disorderly and Disruptive Conduct in a Restricted Building or Grounds); 40 U.S.C. § 5104(e)(2)(D) (Disorderly Conduct in a Capitol Building or Grounds); and 40 U.S.C. § 5104(e)(2)(G)(Parading, Demonstrating, or Picketing in : a Capitol Building).

that e wants the firearms to engage in recreational activities. This is not a compelling justification to permit the modification he seeks, so the Court should summarily deny the motion.

### IV.    CONCLUSION

For the foregoing reasons, the defendant's motion should be denied

Respectfully submitted,

DATED: December 11, 2023

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:

/s/ Jack Burkhead
Jack Burkhead
Assistant United States Attorney
NM Bar No. 10493
United States Attorney's Office
601 D Street NW
Washington, DC 20001
(202) 431-8493
jack.e.burkhead@usdoj.gov

/s/ Brendan Ballou
Brendan Ballou
DC Bar No. 241592
Special Counsel, detailed to the
United States Attorney's Office
601 D Street NW
Washington, DC 20001
(202) 431-8493
brendan.ballou-kelley@usdoj.gov

/s/ Pavan S. Krishnamurthy
Pavan S. Krishnamurthy
DC Bar No. 252831
Assistant United States Attorney
601 D Street NW
Washington, DC 20001
(202) 252-7862
pavan.krishnamurthy@usdoj.gov